UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14176-CV-ROSENBERG
MAGISTRATE JUDGE REID

RICHARD DOSS,

    Plaintiff,

v.

WILLIAM D. SNYDER,
MARTIN COUNTY SHERIFF,
et al.

    Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

This Cause comes before the Court upon *sua sponte* review of the instant case, filed pursuant to 42 U.S.C. § 1983 by Plaintiff, Richard Doss, a prisoner confined at Santa Rosa Correctional Institution. [ECF No. 1]. This Report addresses Plaintiff's failure to comply with court orders.

At present, no defendants have been served with process. The procedural history of this case is worthy of discussion. On or about June 2, 2020, Plaintiff filed a complaint, which amounted to an impermissible shotgun pleading. [ECF No. 1]. In short, Plaintiff did not provide facts attributable to each defendant named in the suit. On June 4, 2020, the Court issued an order to amend the complaint, informed

him that he was required to comply with the Rules governing these proceedings and that failure to comply with court orders may result in dismissal of his case. [ECF No. 4]. Additionally, the Court also advised Plaintiff that he was previously designated as a "three-striker"[1] under the Prison Litigation Reform Act, Pub. L. No. 10—134, §§ 801-810, 110 Stat. 1321 (1996), and, therefore, he could not proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." [*Id.*]. Still, the court granted Plaintiff leave to amend. [*Id.*]. Plaintiff's amended complaint was due by July 14, 2020. [*Id.*]. As of the drafting of this Report, Plaintiff has failed to comply with the Court's order.

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 25 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and S.D. Fla. Admin. Order 2019-2.

For the reasons stated below, the case should be DISMISSED without prejudice for failure to comply with court orders.

---

[1] Plaintiff was warned in Case No. 4:2000cv00148, N.D. Fla., about his failure to disclose the fact that he was a three-striker. That case, as well as, Case No. 3:97cv923, M.D. Fla., were dismissed for abuse of the judicial process, which count as strikes. Case No. 3:98-77Civ-J-21C, M.D. Fla. was dismissed for failure to state a claim and counts as a strike. Three additional cases were dismissed in the Middle District of Florida for failure to exhaust administrative remedies or otherwise barred by *Heck*: Case Nos. 3:94cv693-HES, 3:94cv-694-HES, and 3:93cv1585. This Court need not review all of the dozens of cases Plaintiff to determine which amount to strikes. It is sufficient Plaintiff has at least three.

## II.     Discussion – Dismissal for Failure to Comply with Court Orders

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Fed. R. Civ. P. 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. *Link v. Wabash Railroad Company*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718*; Sanders v. Barrett*, No. 05-12660, 2005 U.S. App. LEXIS 22496, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); *cf.* Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)); *see also Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (citing *Morewitz*, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits; and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *Taylor*, 251 F. App'x at 619; *see also Coleman*, 433 F. App'x at 719; *Brown*, 205 F. App'x at 802-03.

While this Court carefully exercises its discretion to dismiss cases, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); *Taylor*, 251 F. App'x at 620-21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802-03 (upholding dismissal without prejudice

4

for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Here, Plaintiff failed to comply with the Court's order to properly amend his complaint not only so that the pleading properly attributes facts or omissions to each of the named defendants, which rise to the level of a constitutional violation, but also that he failed to allege sufficient facts against any named defendant to demonstrate he was in imminent danger at the time of the filing of his complaint.

Accordingly, this case should be DISMISSED without prejudice.

### III.     Recommendations

For the reasons set forth above, the Undersigned recommends that the case against the defendants be DISMISSED without prejudice pursuant to Rule 41(b) for Plaintiff's failure to abide by the orders of this Court, and that the case be CLOSED.

Objections to this Report may be filed with the District Court Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 4th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Richard Scott Doss
     921633
     Santa Rosa Correctional Institution Annex
     Inmate Mail/Parcels
     5850 East Milton Road
     Milton, FL 32583
     PRO SE